**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ROBERT GERALD HARMON, et al.,     )
                                              )
            Plaintiffs,          )
                                              )
      v.                    )         No. 4:21-cv-00096-AGF
                                                )
U.S. BANK N.A., et al.,             )
                                              )
            Defendants.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiffs Robert Gerald Harmon and Rose Marie Harmon for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiffs are self-represented litigants who have filed a civil action with the Court, apparently in response to an attempt to evict them from their property. On July 22, 2020, The Legal Solutions Group filed a "petition in unlawful detainer" in state circuit court, regarding the property identified as 11 Edinburg Court, Florissant, MO 63033. *The Legal Solutions Group v. Jane Doe,*

*et al.*, No. 20SL-AC15470 (21st Jud. Cir., St. Louis County).[1] Though the case caption identified the defendants as John and Jane Doe, plaintiffs subsequently filed a document with the circuit court titled an "Affidavit of Truth and Fact, Notice of Special Appearance." John and Jane Doe were personally served on September 10, 2020, but refused to identify themselves to the process servers. Plaintiffs later appeared before the circuit court, confirmed that they had received the petition that had been mailed to the property, and requested a trial.

The trial commenced in the circuit court on November 9, 2020. Plaintiffs did not attend the trial, which was held on Zoom. Instead, a person identifying himself as a "mortgage killer" named "Demetrius Slay" appeared, claiming that he owned the subject property. During the trial, Mr. Slay was disruptive and denied the circuit court's jurisdiction. The circuit court determined that the allegations in the petition were true, and entered judgment for possession of 11 Edinburg Court against John and Jane Doe.

On August 4, 2021, plaintiffs filed a petition in the circuit court titled "Affidavit of Truth and Fact, Notice of Special Appearance." *In the Matter of Robert G. Harmon, et al.*, No. 20SL-CC03957 (21st Jud. Cir., St. Louis County). The document was identical to the one plaintiffs had filed in the earlier unlawful detainer action. On November 5, 2020, shortly before the unlawful detainer trial, the circuit court noted that plaintiffs' filings failed to state a claim, and dismissed the action.

Plaintiffs filed the instant action on January 21, 2021.

---

[1] Plaintiffs provided the case citation in their legal filings, and the Court reviewed that record on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**The Complaint**

Plaintiffs' complaint is typewritten on a Court-provided civil complaint form. Named as defendants are U.S. Bank N.A., Legal Solutions LLC, Select Portfolio Servicing, Golden Oaks Lending, and MERS. (Docket No. 1 at 1). Attached to the complaint are two exhibits, including an "Affidavit of Walker F. Todd" and an "Affidavit and Notice of Entry of Foreign Judgment." (Docket No. 1-2; 1-3).

As noted above, plaintiffs' lawsuit appears to arise in response to an attempt to evict them from their property, located at 11 Edinburg Court, Florissant, MO 63033. (Docket No. 1 at 5). Plaintiffs assert that the Court has jurisdiction based on diversity of citizenship. They further state that the amount in controversy is $7,000,000, based on "false and misleading representations, slander, libel, defamation of character, emotional distress, and violations of the Fair Debt Collection Practices Act." (Docket No. 1 at 4).

The "Statement of Claim" section of the form complaint has been left entirely blank, save for the notation "See Attached," in reference to plaintiffs' exhibits. (Docket No. 1 at 5).

As noted above, the first exhibit is titled "Affidavit of Walker F. Todd, Expert Witness for Defendants." (Docket No. 1-2 at 2). The case caption for this affidavit is *Bank One, N.A. v. Dave, et al.*, No. 03-047448-CZ. This is a case out of the Circuit Court for Oakland County, Michigan, arising in 2003. The case was disposed of on January 9, 2004. The affidavit itself is dated December 5, 2003. As far as the Court can tell, plaintiffs have no connection to this case, which involves different parties, in a different state, and which concluded over seventeen years ago. Rather, it appears plaintiffs are using the affidavit to promote a certain theory regarding the enforceability of promissory notes. In particular, the Todd Affidavit proposes that a bank, in extending credit, is not actually lending "its own pre-existing money, credit, or assets," meaning

4

that the resulting note fails for lack of consideration. (Docket No. 1-2 at 13). The affidavit also argues that, due to the nature of this type of lending, the bank is actually the borrower, while the borrower is actually the lender. (Docket No. 1-2 at 12). Plaintiffs make no effort to explain why this affidavit – which was clearly not authored for them – has any relevance to their case.

The second exhibit is titled "Affidavit and Notice of Entry of Foreign Judgment." (Docket No. 1-3 at 1). Along with this affidavit, plaintiffs have included a summons and notice of an unlawful detainer action, issued by the Circuit Court of St. Louis County, and an order of dismissal for *In the Matter of Robert G. Harmon, et al*., No. 20-SL-CC03957. (Docket No.1-3 at 6-7). The bulk of the exhibit consists of an eighteen-page document titled "Affidavit of Truth and Fact, Notice of Default Judgment of Un-rebutted Affidavit with Certified Proof of Service." (Docket No. 1-3 at 11).

As best as the Court can ascertain, the "Affidavit of Truth and Fact" was written by plaintiffs and then sent to a number of different parties – including the defendants in this case – by certified mail. (Docket No. 1-3 at 11-12). In the affidavit, plaintiffs state that they are "the legal and equitable owner[s] in fee simple" of 11 Edinburg Court. (Docket No. 1-3 at 14). Furthermore, plaintiffs assert that they are "unaware of any valid and enforceable contract, commercial agreement or security agreement…that would give any man or person worldwide the standing to do anything affecting the undersigned's inalienable rights to the quiet enjoyment of the property."

The "Affidavit of Truth and Fact" consists of fifty-eight numbered paragraphs, many of which contain dubious legal propositions, unclear reasoning, or are difficult to understand. For instance, plaintiffs contend that their names are Robert Gerald Harmon and Rose Marie Harmon, respectively, and that the use of "Robert G. Harmon Sr." and "Rose M. Harmon" instead of their full names amounts to the use of a "fictional appellation." (Docket No. 1-3 at 15). Plaintiffs further

assert that they are "unaware of how a debt can be paid with another debt since all checks and liability currency are promises to pay which by its very nature is a debt and…there is no way to lawfully pay a 'debt' with another debt." (Docket No. 1-3 at 16).

Plaintiffs allege in the affidavit that "no valid contract or bona fide debt exists." (Docket No. 1-3 at 14). They also suggest that they "have no facts and evidence that prove that [they] have harmed or injured any party," because there are "no facts or evidence that proves that any party would suffer any pecuniary loss for [plaintiffs'] not making any payments." (Docket No. 1-3 at 16).

At the beginning of the "Affidavit of Truth and Fact," plaintiffs assert that they have sent this document to all the listed respondents, demanding a "sworn point by point objection and or rebuttal including all facts and evidence within 21…days of receipt." (Docket No. 1-3 at 13). Plaintiffs then assert that a failure to respond to the timeline they have imposed will result in the "Affidavit of Truth and Fact" becoming "the Judgment upon the public record." According to plaintiffs, the lack of any response amounts to an admission by respondents that they have no legal or equitable claim to plaintiffs' property. (Docket No. 1-3 at 22). In other words, the "foreign judgment" that plaintiffs are purporting to enter arises from respondents' failure to answer their affidavit.

The Court notes that the "Affidavit of Truth and Fact" is directed generally at a large group of respondents, including not only defendants, but the Secretary of Housing and Urban Development, the St. Louis County Sheriff's Office, and the Clerk of the St. Louis County Circuit Court. None of the defendants in this case are specifically named in the body of the affidavit.

6

**Subsequent Filings**

On March 12, 2021, following the submission of plaintiffs' complaint, attorneys for defendant Select Portfolio Servicing entered their appearances and filed a motion to dismiss. (Docket Nos. 3-5; Docket No. 6). Along with the motion to dismiss, Select Portfolio Servicing also filed a memorandum in support, as well as a memorandum to the Court. (Docket No. 7; Docket No. 8).

On April 16, 2021, plaintiffs filed a document titled "Affidavit of Truth and Fact, Non-Negotiable Notice of Acceptance." (Docket No. 9). On April 20, 2021, they submitted a second document with the same caption," which appears identical to the one previously filed. (Docket No. 10).

Plaintiffs' two affidavits are seven pages long, and both consist of twenty-one numbered paragraphs, each containing an assertion. Most of these paragraphs began with the statement that "I have no facts or evidence" or "We are without any facts or evidence." For example, plaintiffs state that they are "without any facts or evidence that proves how any action to prevent the irreparable injury to the real parties in interest by any actor attempting to affect the unlawful dispossession of land and property could be considered any 'failure to state a claim upon which relief can be granted' and believe none exist." (Docket No. 9 at 2; Docket No. 10 at 2). Plaintiffs also state that they "have no facts or evidence that any and all original securities were not specially deposited with U.S. Bank, N.A. and that said original securities are in U.S. Bank, N.A. custody and being held in trust for the benefit of the Rose Harmon and Robert Harmon estates." (Docket No. 9 at 3; Docket No. 10 at 3). In short, rather than presenting factual allegations, plaintiffs repeatedly insist that they have no "facts or evidence" showing that certain things did or did not occur, nonetheless implying that this absence of "facts or evidence" amounts to proof.

Defendant Select Portfolio Servicing responded to plaintiffs' two affidavits by filing a memorandum on April 22, 2021. (Docket No. 11). In the memorandum, Select Portfolio Servicing asserts that the affidavits should be stricken as untimely under E.D. Mo. L.R. 4.01, and because they do not contain factual allegations sufficient to support a claim.

On June 17, 2021, plaintiffs filed a memorandum titled "Bill in Equity for: Accounting, Breach of Trust, Constructive Trust, Redemption." (Docket No. 12). The so-called "Bill in Equity" was directed at defendants Golden Oaks Lending, Select Portfolio Servicing, and U.S. Bank Home Mortgage, as well as Sheriff Scott Kiefer, attorney Jermaine Wooten of The Legal Solutions Group, the Chief Judge of the St. Louis County Circuit Court, and "Does 1 through 100 Inclusive." (Docket No. 12 at 1). In the memorandum, plaintiffs assert that they "served an affidavit" on numerous parties, and that none of those parties came forward to rebut or object to the affidavit. Plaintiffs further contend that the St. Louis County Court is nothing "but another LLC and has no authority to give a Constitutionally Sworn Sheriff orders to remove people from their land." (Docket No. 12 at 4). Without any facts, plaintiffs also suggest that the St. Louis County Court has a conflict of interest in foreclosure matters.

Plaintiffs' memorandum includes a request for a preliminary injunction to keep any party from "interfering" with the property. (Docket No. 12 at 7). They also ask that "all original title deeds…executed bilateral contracts, books, deeds, accounts, accounting, letters, papers, or other writing" be filed with the Court. Plaintiffs seek to have their mortgage "declared satisfied and discharged," and that the Court quiet title of the premises in their favor.

On June 25, 2021, plaintiffs filed a motion to have subpoenas and summonses issued to defendants. (Docket No. 13). Attached to the motion was a copy of plaintiffs' "Affidavit of Truth and Fact, Notice of Default Judgment of Un-rebutted Affidavit with Certified Proof of Service,"

which had earlier been submitted to the Court. The motion also contained paperwork indicating that the aforementioned affidavit had been mailed to numerous parties, including defendants.

On July 13, 2021, Select Portfolio Servicing filed a motion to strike plaintiffs' "Bill in Equity" for failure to comply with Federal Rule of Civil Procedure 15. (Docket No. 14). Select Portfolio Servicing also submitted a memorandum in support of their motion. (Docket No. 15).

## Discussion

Plaintiffs are self-represented litigants who have filed a civil action against defendants U.S. Bank N.A., Legal Solutions LLC, Select Portfolio Servicing, Golden Oaks Lending, and MERS. Because plaintiffs are proceeding in forma pauperis, the Court has reviewed their complaint under 28 U.S.C. § 1915. The Court has also reviewed the exhibits attached to the complaint, the affidavits and memorandum filed after the complaint, and plaintiffs' motions, and will treat these filings as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings"). Based on the Court's review, and for the reasons discussed below, this action will be dismissed without prejudice.

### A.  Plaintiffs' Specified Causes of Action

In their complaint, plaintiffs assert that they are seeking damages for false and misleading representation; slander; libel; defamation; emotional distress; and violation of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs' filings, however, do not contain factual allegations sufficient to support any of these specified causes of action.

First, plaintiffs have not stated a false representation claim. In Missouri, fraudulent misrepresentation consists of nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that it should be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) his or her right to rely thereon; and (9) the hearer's consequent and proximate injury." *O'Gorman & Sandroni, P.C. v. Dodson*, 478 S.W.3d 539, 545 (Mo. App. 2015) (citing *Renaissance Leasing LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010). Failure to demonstrate any of these elements bars recovery. *Id*. Here, plaintiff has not presented facts establishing the existence of these nine elements against any of the defendants. Plaintiffs have not, for instance, presented facts indicating that a false and material representation was made with knowledge of its falsity, or facts showing that they relied on such a representation.

As to plaintiffs' claims of libel, slander, and defamation, the Court notes that modern law has combined libel and slander into the generic tort of defamation. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 308 (Mo. 1993). "Under Missouri law, the elements of defamation are (1) publication (2) of a defamatory statement (3) that identifies the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation." *Turntine v. Peterson*, 959 F.3d 873, 882 (8th Cir. 2020) (citing *Overcast v. Billings Mut. Ins.*, 11 S.W.3d 62, 70 (Mo. 2000)). Here, plaintiffs' facts do not establish the existence of a defamatory statement, much less that such a statement was published and damaged plaintiffs' reputations.

With regard to plaintiffs' claim of emotional distress, the Court observes that intentional infliction of emotional distress in Missouri requires a plaintiff to "plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997). In this case, plaintiffs' have

not presented facts showing "extreme and outrageous conduct" by any of the defendants, and they certainly have not presented facts demonstrating "bodily harm."

Finally, to state a claim under the FDCPA, plaintiffs must show that defendants engaged in abusive debt collection practices, such as "threats of violence; the publishing of shame lists; harassing or anonymous telephone calls; impersonating a government official or attorney; obtaining information under false pretenses; and collecting more than is legally owing." *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014). Here, plaintiffs have not demonstrated that any of the defendants are debt collectors, or that they engaged in prohibited practices.

For all these reasons, plaintiff has failed to support any of the specified causes of action contained in the complaint.

### B. Failure to State a Claim

Aside from the lack of support for their specified causes of action, plaintiffs have otherwise failed to state a claim. Pursuant to Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead of a short and plain statement showing that plaintiffs are entitled to relief from each of the defendants, plaintiffs' "Statement of Claim" consists of a long, rambling, and confusing affidavit. This affidavit does not provide any indication as to what each defendant did or did not do to harm plaintiffs. To the contrary, defendants are not mentioned at all.

Likewise, plaintiffs' subsequent filings also lack any factual allegations showing they are entitled to relief because of defendants' acts or omissions. The only defendant that is actually referenced by name is U.S. Bank, in plaintiffs' affidavits of April 16 and April 20, 2021. In those

11

identical affidavits, however, there are no factual assertions establishing that U.S. Bank did anything to harm them. Instead, plaintiffs continually state that they are "without any facts or evidence" that certain things did or did not happen. At no point do plaintiffs direct an allegation at U.S. Bank – or any other defendant – establishing any misconduct.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Plaintiffs' vague assertions, combined with the failure to direct any allegations against the named defendants, do not give defendants fair notice of the nature of the claims.

Rather than factual allegations leveled against specific defendants, plaintiffs present a long series of ambiguous statements in the form of an affidavit. Most of these statements consist of legal conclusions, some of them of questionable veracity. For example, plaintiffs' main premise appears to be that defendants are liable because they did not respond to the unilateral demand that they provide a "point by point objection and or rebuttal" of the affidavit within the arbitrarily-prescribed period of twenty-one days. Leaving aside the difficulty in responding to plaintiffs' imprecise assertions, plaintiffs present no support for the proposition that defendants' failure to comply with the terms of the affidavit amounts to an admission, or that the affidavit thereby became a "Judgment upon the public record" that is enforceable in court. In any event, while the Court must accept factual allegations as true, it is not required to accept plaintiffs' legal conclusions. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation

of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

As noted above, to state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. Plaintiffs have not done this. Nothing they have presented gives the Court any indication as to the role each defendant played in this case, let alone establish their wrongdoing. For example, plaintiffs name Golden Oaks Lending, Select Portfolio Servicing, and MERS as defendants, but never explains what types of businesses they are, what function they had with regard to plaintiffs' property, and in what manner they failed in their responsibilities. Meanwhile, based on review of plaintiffs' state court case, the Court can assume that plaintiffs sued Legal Solutions LLC because that is the law firm that filed the petition in unlawful detainer. Nevertheless, plaintiffs have entirely neglected to provide any reasons why this action was wrongful. For the Court to determine otherwise would require extensive speculation without any factual underpinnings.

The Court notes that plaintiffs' property was foreclosed upon in state circuit court, a proceeding of which plaintiffs were aware, but in which they evidently chose not to participate. Now, in light of the circuit court finding that the premises at 11 Edinburg Court were unlawfully detained, plaintiffs have filed this action, seemingly in the hopes of overturning or otherwise avoiding the consequences of that judgment. In order to survive preservice review under 28 U.S.C. § 1915, however, plaintiffs are required to state a claim upon which relief can be granted. For all the reasons discussed above, plaintiffs have not done this. Therefore, this action must be dismissed.

C.  **Select Portfolio Servicing's Motion to Dismiss and Motion to Strike**

Defendant Select Portfolio Servicing has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a motion to strike. (Docket No. 6; Docket No. 14). The

motions will be denied as moot as this action is being dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

### D. Plaintiffs' Motion for Issuance of Subpoenas and Summonses

Plaintiffs have filed a motion for the issuance of subpoenas and summonses. (Docket No. 13). The motion will be denied as moot as this action is being dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Select Portfolio Servicing's motion to dismiss (Docket No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for issuance of subpoenas and summonses (Docket No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Select Portfolio Servicing's motion to strike (Docket No. 14) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of July 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

14